Zimmerman, J.
 

 The pending cause presents a new question in connection with the “Ohio Teachers’ Tenure Act” not heretofore decided by this court.
 

 
 *127
 
 It is apparent from the pleadings that the performance of relatrix as a teacher was not satisfactory to those under whom she worked. In the spring of 1941 any recommendation as to her reappointment was deferred. Later it was definitely decided not to reemploy her and she was duly notified of that fact in August.
 

 The so-called “Ohio Teachers’ Tenure Act” was enacted by the General Assembly on May 15,1941 (119 Ohio Laws, 451), was approved by the Governor on May 29, 1941, and became effective September 1, 1941. By virtue of her certification and long employment by the respondent board, relatrix came within the first proviso of Section 7690-2, General Code.
 
 (State, ex rel. Bishop,
 
 v.
 
 Bd. of Edn. of Mt. Orab Village School Dist., Brown County,
 
 139 Ohio St., 427, 40 N. E. [2d], 913.) However, subsequent to the effective date of the Teachers’ Tenure Act, with the provisions of which relatrix must be presumed to have been familiar, she accepted from the respondent board a contract dating from September 29, 1941, and continuing only for the remainder of the school year, and, near the time of its issuance, also tendered her resignation as a teacher, effective June 20, 1942, to seek another position. Relatrix claims no fraud or misrepresentation in these transactions.
 

 While the respondents do not expressly plead waiver as a defense, the affirmative allegations of the answer certainly suggest it.
 

 The principle of law is well established that one is free to waive the rights and privileges -which are due him, whether secured by contract, conferred by statute, or guaranteed by the Constitution, so long as there is no violation of public policy. 40 Ohio Jurisprudence, 1235, Section 3.
 

 When relatrix accepted without protest the limited contract of September 29, 1941, and likewise tendered
 
 *128
 
 her resignation, she covenanted with the respondent board that her services as a teacher would finally end, so far as the board was concerned, on June 20, 1942, and she should be bound by such conduct.
 

 . Instead of demanding a continuing contract and standing on such demand, relatrix deliberately pursued another course, the effect of which was to relieve the board of education from tendering the continuing contract provided by statute.
 

 Mandamus is not a writ of right, but its issuance rests in the sound discretion of the court. State,
 
 ex rel. Mettler, Pros. Atty.,
 
 v.
 
 Stratton et al., Commrs.,
 
 139 Ohio St., 86, 38 N. E. (2d), 393.
 

 Under the circumstances of the present case, the court is of the opinion that the relatrix is not entitled to the requested writ and it is consequently denied.
 

 Writ denied.
 

 WeItgandt, C. J., Matthias, Hart, Bell and Turner, JJ., concur.
 

 Williams, J., not participating.