This cause came on to be heard upon the appeal; the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County; and a transcript of the proceedings, the briefs and oral arguments of counsel.
The assignments of error were fully considered and passed upon as required by the appellate rules. Although the first assignment received considerable attention in the briefs, appellant withdrew it at the outset of the arguments. *Page 236 
In its reply brief, the appellant Mt. Healthy Board of Education (hereinafter often simply the Board) includes what it designates as "Assignment of Error No. 3." Not only were there only two
assignments in the Board's original brief, but what the Board terms its third assignment is not in fact an assignment; it merely responds to the challenge raised by the cross appeal. Thus, we are presented with two assignments; one for the Board and one for Violet Merten, as follows:
The Board's assignment asserts that the trial court erred in ordering that Violet Merten be granted a continuing contract pursuant to R. C. 3319.11;
The substance of appellee cross-appellant's assignment is that Violet Merten is entitled to compensation for the school year 1975-1976, and for a portion of 1976-1977, and the court below erred in not awarding such damages.
The Mt. Healthy Teachers' Association is only a nominal appellee at this level. The issues raised by the assignments concern appellee Violet Merten and the Board.
Violet Merten had three one year limited teaching contracts with the Board, as follows: 1972 to 1973; 1973 to 1974; and 1974 to 1975.[1]
Before employment by the Mt. Healthy Board of Education, Violet Merten had tenure[2] with the Cincinnati Board of Education, and furthermore, for whatever significance it may have, five additional years of service with the *Page 237 
Finneytown Board of Education. The Mt. Healthy Board terminated her employment on April 28, 1975, and she (together with the Mt. Healthy Teachers' Association) on August 8, 1975, filed a complaint against the Board. Although amended complaints followed, she consistently sought a writ of mandamus requiring the Board to issue a continuing teacher contract to which she claimed entitlement having attained continuing contract status with the Cincinnati Board of Education and having served two years in the Mt. Healthy District. The Common Pleas Court in its judgment entry ordered "that Violet Merten * * * be granted a continuing contract as of the date of this decision and Entry."[3]
In disposing of the issue whether Appellee Merten was entitled to tenure — as ordered by the court below — we are led to an evaluation of R. C. 3319.11, and particularly the first and fourth paragraphs thereof which follow:
 First
"[1] Teachers eligible for continuing service status in any school district shall be those teachers qualified as to certification, who within the last five years have taught for at least three years in the district, [2] and those teachers who, having attained continuing contract status elsewhere, have served two years in the district, but the board of education, upon the recommendation of the superintendent of schools, may at the time of employment or at any time within such two-year period, declare any of the latter teachers eligible."
 Fourth
"A limited contract may be entered into by each board with each teacher who has not been in the employ of the board for at least three years and shall be entered into regardless of length of previous employment, with each teacher employed by the board who holds a provisional or temporary certificate."
Appellant contends that paragraph 4 of the statute, *Page 238 supra, clearly provides that a board may enter into a limited contract with any teacher who has been in its employ for less than three years, and thus the Mt. Healthy Board had authority to enter into a one year limited contract with Mrs. Merten in 1974 which, appellant maintains, is what transpired, and that such one year contract was to the exclusion of a continuing contract.[4] Admittedly, the language of paragraph 4 vis avis the first paragraph of R. C. 3319.11 when read in connection with the factual pattern we are reviewing here — that is, a teacher not in the employ of the Board for at least three years — facially may appear incongruous. However, we conclude that the clause within paragraph 1, before which we have inserted the number 2, applies directly to Mrs. Merten's situation. She was eligible for continuing service status in the Mt. Healthy School District because she was a teacher who had "attained continuing contract status elsewhere [with the Cincinnati Board of Education, and had] served two years in the Mt. Healthy district." The clause in paragaph 1 of R. C. 3319.11, before which we have inserted the number 1, manifestly lacks applicability to Mrs. Merten's situation; she had not taught for three years in the Mt. Healthy District. So also does paragraph 4 of the subject statute fail to apply to her since we determine the legislative intent thereof is to relate paragraph 4 to the class of teachers who are qualified as to certification, but who within the last five years have not taught for at least three years in the district (this is, of course, to teachers who claim under clause 1 of paragraph 1 of the statute). Paragraph 4, therefore, authorizes a board of education to enter into a limited contract with a teacher who is not entitled to continuing service status under paragraph 1 because he or she has not been in the employ of the board for a long enough period, or with a teacher who holds only a provisional or temporary certificate.
Appellant includes in its argument for reversal the *Page 239 
contention that by accepting and teaching under a one year limited contract (1974-1975), she waived her right to a continuing contract. The law of Ohio seems to countenance the waiver of such a right in a proper case. Appellant cites, in support of its waiver theory, State, ex rel Ford, v. Board
(1943), 141 Ohio St. 124, and State, ex rel. Brubaker, v.Hardy (1966), 5 Ohio St.2d 103. Both unquestionably are authority for the principle of law that one is free to waive such rights as a teacher's entitlement to a continuing contract, notwithstanding that it is conferred by statute. The obstacle which exists here with respect to Ford and Brubaker is that the facts in both of those cases are distinguishable from the factual pattern which we are reviewing. Whatever other
distinguishing factors exist in Ford and Brubaker — and there are a number — there is at least the very real difference that in both of those cases the teacher tendered a written resignation, a circumstance not present in Mrs. Merten's situation.
The appellant's assignment, lacking merit, is overruled.
This, then, brings us to the remaining assignment, that of Mrs. Merten.[5] The court below awarded her no damages, although she claims she is entitled to compensation for 1975-1976 and a portion of the following year. There is no dispute that she was employed by the Board following the entry of the order of the Court of Common Pleas in November 1976. Our audit of the record establishes that there was no basis for any monetary award below since there was no evidence adduced upon which the court could make such an award. Thus, the cross appellant's assignment fails.
We affirm the judgment below.
Judgment affirmed.
PALMER, P. J., and BETTMAN, J., concur.
[1] At the time appellee Merten entered into this third of the three one year limited teaching contracts she apparently was unprepared to press the rights, if any, which she then possessed to a continuing contract under the Teachers' Tenure Act. In Merten's Second Amended Complaint, Third Claim for Relief, the following is asserted: "Said Plaintiff Merten not knowing her legal rights in said case did not until the first of April, 1975, realize that she was eligible for continuing contract status and was eligible at the time of Defendant Board's action in 1974 when she was granted a one year continuing [sic] contract."
[2] In connection with contracts for the employment of teachers, "tenure," "continuing service status" and "continuing contract" (as distinguished from a limited contract) seem interchangeably used. Majoewsky v. Indian Hill Exempted VillageSchool District Bd. of Edn., unreported, First Appellate District, No. C-74527, decided September 8, 1975.
[3] A measure of ambiguity exists as to the actual date of the order. The uncertainty is whether the order was entered November 5 or 10, 1976. However, the obscurity lacks consequentiality.
[4] Mrs. Merten made no claim in her pleadings that she taught for three years or longer. She maintained, and it is apparently undisputed, that she taught in excess of two years.
[5] Only Mrs. Merten filed a cross appeal. *Page 240