MATE, Appellee,

v.

**STOW CITY SCHOOL DISTRICT BOARD OF EDUCATION, Appellant.**

[Cite as *Mate v. Stow Bd. of Edn.* (1988), 62 Ohio App.3d 265.]

Court of Appeals of Ohio,
Summit County.

No. 13607.

Decided Nov. 30, 1988.

*Ronald G. Macala* and *Anne Piero Silagy,* for appellee.

*Dennis M. Whalen, G. Frederick Compton, Jr.,* and *Patricia A. Hill,* for appellant.

MAHONEY, Judge.

Appellant, Stow City School District Board of Education (board), appeals from the decision of the Common Pleas Court of Summit County issuing a writ of mandamus. The writ directed the board to grant appellee, Lois Kay Mate, a continuing teaching contract. We affirm the issuance of the writ.

### Facts

Lois Kay Mate, holding a professional teaching certificate under Ohio law, has been employed by the board under one-year limited teaching contracts since the 1977–1978 school year. Prior to the 1984–1985 school year, Mate worked at least one hundred twenty days each year.

Each spring, the board timely resolved not to renew Mate's contract. Each fall, the superintendent would recommend and the board would approve Mate's re-employment and issue yet another one-year limited contract.

In a form letter issued to Mate, the board specified the reasons for non-renewal as financial constraints and the need to provide positions for teachers on leave of absence and/or those on continuing contracts who were assigned to federal or state subsidized programs. Job performance was never given as a reason.

Mate was an auxiliary services teacher assigned to Holy Family School, Stow, Ohio. As a remedial reading teacher, her position was subsidized by state funds pursuant to R.C. 3317.06.

Upon review of the record, briefs and law, the trial court issued the writ. The board assigns one error in this appeal.

## "ASSIGNMENT OF ERROR

"The trial court committed prejudicial error when it granted a writ of mandamus compelling the appellant board of education to issue appellee a continuing service contract effective with the 1981–1982 school year."

Essentially, the board argues that the issuance of the writ was improper because the board was under no legal duty to issue Mate a continuing contract. Further, the board argues that any legal right that Mate may have had was waived when she accepted, without protest, the limited one-year contracts.

For a writ to issue, Mate must establish that public officials, *i.e.*, the board, are denying her a right to which she is clearly entitled. *State, ex rel. Pressley, v. Indus. Comm.* (1963), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph nine of the syllabus. The trial court found that the board had a clear legal duty to extend the continuing contract to which Mate was entitled. On appeal we must determine whether the trial court, on the merits of the case, abused its discretion in granting the writ. *Id.* at paragraph ten of the syllabus.

### A Clear Legal Duty

Enacted as remedial legislation, the Teacher Tenure Act, R.C. 3319.01 *et seq.*, expands and protects teacher rights. It must be liberally construed in favor of those parties it was designed to protect. *State, ex rel. Dennis, v. Hillsdale Local Bd. of Edn.* (1986), 28 Ohio St.3d 263, 266, 28 OBR 341, 343, 503 N.E.2d 748, 750.

Within the Teacher Tenure Act, R.C. 3319.11 sets forth the circumstances under which a teacher may achieve eligibility for continuing contract status and when the board must extend a continuing contract. R.C. 3319.11 reads, in part, as follows:

"Teachers eligible for continuing service status in any school district shall be those teachers qualified as to certification, who within the last five years have taught for at least three years in the district. * * *

"Upon the recommendation of the superintendent that a teacher eligible for continuing service status be re-employed, a continuing contract shall be

entered into between the board and such teacher unless the board by a three-fourths vote of its full membership rejects the recommendation of the superintendent. The superintendent may recommend re-employment of such teacher, if continuing service status has not previously been attained elsewhere, under a limited contract for not to exceed two years, provided that written notice of the intention to make such recommendation has been given to the teacher with reasons directed at the professional improvement of the teacher on or before the thirtieth day of April, and provided that written notice from the board of education of its action on the superintendent's recommendation has been given to the teacher on or before the thirtieth day of April, but upon subsequent re-employment only a continuing contract may be entered into. * * *

"A teacher eligible for continuing contract status employed under an additional limited contract for not to exceed two years pursuant to written notice from the superintendent of his intention to make such recommendation, is, at the expiration of such limited contract, deemed re-employed under a continuing contract at the same salary plus any increment granted by the salary schedule, unless the employing board, acting on the superintendent's recommendation as to whether or not the teacher should be re-employed, gives such teacher written notice of its intention not to re-employ him on or before the thirtieth day of April. Such teacher is presumed to have accepted employment under such continuing contract unless he notifies the board in writing to the contrary on or before the first day of June, and a continuing contract shall be executed accordingly. * * * "

In construing R.C. 3319.11, the Supreme Court of Ohio has held:

"1. The board of education may elect not to re-employ a teacher, eligible for continuing service status, for the following year, provided proper notice of its action is given to the teacher on or before April 30th, as required by R.C. 3319.11.

" * * *

"3. Where the board of education, because of a change of circumstances, rescinds a prior resolution, passed before April 30th, denying a teacher, eligible for continuing service status, re-employment for the following year, it may re-employ such teacher after April 30th under either a limited contract for less than two years or a continuing contract.

"4. A teacher, eligible for continuing service status within a school district, who has been granted and has served under a one-time limited contract within that district, must be granted a continuing contract upon any subsequent re-employment within that district." *State, ex. rel. Hura, v. Brookfield Local*

*School Dist. Bd. of Edn.* (1977), 51 Ohio St.2d 19, 5 O.O.3d 10, 364 N.E.2d 864, paragraphs one, three and four of the syllabus.

In its brief, the board recognizes that Rule 1(B) of the Supreme Court Rules for the Reporting of Opinions states that the syllabus states the controlling point of law. See, also, *Smith v. Klem* (1983), 6 Ohio St.3d 16, 18, 6 OBR 13, 15, 450 N.E.2d 1171, 1173. The board, however, argues that this court should hold suspect paragraph four of the syllabus in *Hura, supra.* The board suggests that paragraph four has its origin in *dicta* and should be confined to the facts in *Hura.* We are, however, constrained to follow the law as set forth. The Supreme Court of Ohio, not us, must decide whether to reconsider the law as set forth in the syllabus and whether that law should be followed or overruled. *Smith v. Klem, supra,* at 18, 6 OBR at 16, 450 N.E.2d at 1173.

Applying the law to the facts of this case, we hold that Mate achieved eligibility for continuing service status by the beginning of the 1980–1981 school year. She held a professional teaching certificate and had served Stow schools for three consecutive years. R.C. 3319.11.

Notwithstanding Mate's attainment of eligibility status, the board, prior to April 30 and subject to the notice requirements of R.C. 3319.11, could elect not to re-employ Mate.

If the board decides to re-employ a teacher who is eligible for continuing service status, it may extend a limited contract *once* or grant a continuing contract. *Hura, supra,* at paragraph three of the syllabus.

At the beginning of the 1980–1981 school year, when Mate had attained her eligibility status, the board could have offered Mate either a limited or a continuing contract. The board issued a limited contract. Mate, after achieving this continuing service status, served Stow schools under the one-time limited contract for one school year, 1980–1981. In April 1981, the board's action to terminate Mate's contract was in compliance with R.C. 3319.11. In April 1981, the board was under no further obligation to Mate. *Id.,* 51 Ohio St.2d at 24, 5 O.O.3d at 13, 364 N.E.2d at 867–868.

In *Hura, supra,* the board issued the teacher a limited contract after the teacher had achieved eligibility for continuing contract status. At the expiration of the limited contract, the board resolved not to renew the teacher's contract. At this point the similarities between *Hura* and this case end. The Supreme Court, however, chose not to end its analysis of R.C. 3319.11 and addressed the situation, where, as here, the school board does re-employ a teacher who has served under a one-year limited contract after attaining continuing contract status.

As set forth in R.C. 3319.11 and mandated by the Supreme Court in *Hura,* *supra,* paragraph four of the syllabus, the Stow board was under a clear legal duty to offer Mate a continuing contract when it re-employed her for the 1981–1982 school year.

### *Waiver*

The board contends that Mate waived any legal right she may have had when she accepted the limited contracts. The board points to the contracts Mate signed which made her position contingent on funding or the letters notifying Mate of the board's intention not to renew her contract. This argument is without merit.

Mate's acceptance of a limited contract stating that continued employment was contingent on the availability of funds is not a waiver. *State, ex rel. Livingston, v. Belmont–Harrison Bd. of Edn.* (Dec. 12, 1984), Belmont App. 83–B–42, unreported, 1984 WL 3804.

R.C. 3319.11 sets forth the eligibility requirements for continuing contract status. A teacher must be qualified as to certification and have taught three of the past five years within the district. R.C. 3319.11 sets forth the situations under which a board may elect not to issue a continuing contract.

R.C. 3319.11 includes no alternative that would include funding as a contingency for failing to issue a continuing contract. *State, ex rel. Brown, v. Milton Union Bd. of Edn.* (May 13, 1987), Miami App. No. 86–CA–41, unreported, 1987 WL 11037. We find therefore, that Mate's execution of the limited, but contingent contracts did not defeat her statutory right to a continuing contract when that contingency was based on subsidized funding. *State, ex rel. Brubaker, v. Hardy* (1965), 2 Ohio App.2d 85, 91, 31 O.O.2d 153, 157, 206 N.E.2d 589, 593.

The board, however, contends that Mate's case is similar to the teacher's circumstances set forth in *State, ex rel. Ford, v. Cleveland Bd. of Edn.* (1943), 141 Ohio St. 124, 25 O.O. 241, 47 N.E.2d 223. The facts are distinguishable. In *Ford, supra,* the teacher tendered her resignation and so waived her statutory right. In this case, Mate neither tendered her resignation nor accepted alternative employment. See *Kehoe v. Brunswick Bd. of Edn.* (1983), 24 Ohio App.3d 51, 24 OBR 103, 493 N.E.2d 261. Rather, it was the board which voted not to renew Mate's contract. It was the board which yearly issued a one-year limited contract.

Under the facts and circumstances of this case, we find that the evidence is insufficient to warrant a finding that when Mate decided to return each year to serve the children within the Stow schools that she clearly and unequivocally waived all rights to a continuing contract. *Allenbaugh v. Canton* (1940),

137 Ohio St. 128, 17 O.O. 473, 28 N.E.2d 354. The trial court did not abuse its discretion.

Accordingly, we overrule the board's sole assignment of error and affirm the issuance of the writ.

*Judgment affirmed.*

BAIRD, P.J., and GEORGE, J., concur.