**CAMPBELL; Wayne County Child Support Enforcement Agency, Appellant,**

v.

**CAMPBELL, Appellee.**

[Cite as *Campbell v. Campbell* (1993), 87 Ohio App.3d 48].

Court of Appeals of Ohio,
Wayne County.

No. 2765.

Decided April 7, 1993.

*Raymond E. Leisy,* Wayne County Assistant Prosecuting Attorney, for appellant.

*Richard Whitney,* for appellee.

QUILLIN, Presiding Judge.

Appellant, Wayne County Child Support Enforcement Agency ("W.C.C.S.E.A."), appeals the judgment of the trial court which discharged all child support arrearages owed to the Coshocton County Department of Human Services by appellee, Michael Campbell. We reverse.

This case originated in 1977 when Dreama Campbell ("Dreama") filed a complaint for divorce against Michael Campbell ("Michael"). During the pendency of the divorce, Michael was ordered to pay weekly child support of $30 for the couple's daughter. When the divorce was finalized in January 1978, Michael was ordered to pay $25 per week in child support, as well as $480 temporary support arrearages. Apparently, Michael never paid child support, and the arrearages continued to grow.

Prior to and after the divorce, Dreama received public assistance from the Wayne County Welfare Department. In return, Dreama assigned her right to support payments. Consequently, in July 1979, the court ordered all child support arrearages to be paid to the Wayne County Welfare Department and all current support to be paid to Dreama. Sometime prior to December 1981, Dreama moved to Coshocton County, and began receiving public assistance from that county's welfare department. In January 1982 the court in Wayne County ordered that all child support payments in this matter be made to the Coshocton County Welfare Department. However, Michael had not paid, and was not paying, any child support.

In May 1982, the child was adopted by Dreama's new husband, Dennis Thompson, and welfare payments stopped. Michael had consented to the adoption, and Dreama had agreed to release Michael from all past and future child support obligations.

In March 1992, the W.C.C.S.E.A. notified Michael that he owed $5,700 in "welfare arrears to Coshocton County," and that payment was required. On April 10, 1992, the court ordered Michael to seek employment. Michael requested a "mistake of fact" hearing to contest this obligation. At the hearing, Michael was advised that Dreama's release of his child support obligation did not release his obligation to Coshocton County. The W.C.C.S.E.A. further explained that it was without authority to clear these arrears, and that Michael should petition the court. There is nothing in the record to indicate that Michael took any further action.

In July 1992, the W.C.C.S.E.A. filed a contempt motion because Michael had failed to seek employment. Following a hearing on this motion, the court found "as a matter of equity" that the arrearage should be discharged.

W.C.C.S.E.A. appeals and raises one assignment of error:

"The trial court abused its discretion in forgiving a support arrearage owing to The Department of Human Services."

█ The trial court's order stated, without further explanation, that "as a matter of equity," the arrearages should be discharged. Based on the limited record before us, we must assume that the trial court based this decision on the equitable defenses of laches, estoppel or implied waiver because the W.C.C.S.E.A. had been inactive in pursuing these arrearages for ten years. The trial court erred in applying any one of these defenses against the W.C.C.S.E.A.

█ It is well established that neither the defense of laches nor principles of estoppel will apply against the state, its agencies or agents when exercising governmental functions. See *Halluer v. Emigh* (1992), 81 Ohio App.3d 312, 610 N.E.2d 1092; *Griffith v. J.C. Penney Co.* (1986), 24 Ohio St.3d 112, 113, 24 OBR 304, 304, 493 N.E.2d 959, 960; *Lee v. Sturges* (1889), 46 Ohio St. 153, 176, 19 N.E. 560, 571. The rationale behind this rule is one of public policy. The public should not suffer due to the inaction of public officials. 28 American Jurisprudence 2d (1966) 782, 787, Estoppel and Waiver, Sections 122 and 124.

█ This reasoning applies with equal force to the defense of implied waiver. Waiver is a concept which applies to an individual who freely waives his own rights and privileges. See *State ex rel. Ford v. Cleveland Bd. of Edn.* (1943), 141 Ohio St. 124, 127, 25 O.O. 241, 242, 47 N.E.2d 223, 224. The public interest may not be waived. 28 American Jurisprudence 2d, *supra*, Section 161, at 847. Just as with laches and estoppel, it would not be sound public policy to allow individuals employed by the W.C.C.S.E.A. to waive the public's right to the support arrearages owed by Michael. The assignment of error is sustained.

The judgment of the trial court is reversed.

*Judgment reversed.*

BAIRD and DICKINSON, JJ., concur.