DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Erie County Court of Common Pleas, Domestic Relations Division, which found appellant in contempt for failure to pay child support. Because we conclude that the trial court did not err in finding no merit to appellant's laches' defense, we affirm.
In 1980, appellant, Terry L. Bellamy, and appellee, Teressa Bellamy, were divorced. The court ordered appellant to pay child support of $25 per week for one minor child. In July 1981 and February 1982, appellee retained private counsel for filing show cause motions against appellant for his alleged failure to pay child support. In February 1994, appellant again sought to enforce the child support order, this time using the assistance of the Erie County Child Support Enforcement Agency ("ECCSEA"). In October 1994, the parties entered into a consent judgment entry which set arrearage payments and found appellant in contempt. That judgment, however, was vacated on July 14, 1995. The court then sua sponte ordered appellant to pay a temporary modified child support amount of $35.70 per month, and postponed its determination on the show cause motion until August 1995. Appellant argued that, under the doctrine of laches, appellee should be estopped from seeking enforcement of the child support order since she had waited twelve years to do so. The trial court denied appellant's laches defense, but held the motion for contempt in abeyance as long as appellant paid the $35.70 monthly amount. On appeal, this court reversed the court's sua sponte
modification of child support and remanded the case for further proceedings, as the court had not yet ruled on the February 1994 motion for contempt. See Bellamy v. Bellamy (1996), 110 Ohio App.3d 576.
On remand, three separate hearings were conducted before two different judges. Audits and records from the Bureau of Support and later the Child Support Enforcement Agency, showed that over the years, appellant made only sporadic payments. Some years appellant failed to pay anything; in other years his income tax refunds were garnished.
Appellant defended saying that a referee, in 1983, had determined that he did not have to pay child support until appellee allowed him regular visitation. Appellant offered evidence of this determination by submitting a letter from the child support unit of the Erie County Department of Human Services ("ECDHS") stating that in April 1987, he owed no arrears to "ECDHS." However, the court found no evidence of an actual termination of child support order either in the court docket entries or by way of a separate judgment entry. Appellant also argued that the doctrine of laches should apply since appellee had delayed so long in asserting her right to enforce child support.
Finally, appellant offered that since the end of 1994, he had been unable to work due to back surgery and other medical problems. It is undisputed that the Social Security Administration (SSA) awarded appellant benefits, based upon his disability, retroactive to November 1994. It is also undisputed that his minor child was also to receive monthly benefits due to appellant's disability, including a lump sum back payment. In addition, the minor child had been receiving Supplemental Security Income ("SSI") payments for his own disability while under the age of eighteen, and appellee received Aid to Dependent Children ("ADC") payments in lieu of child support for certain months.
Ultimately, the trial court found appellee not to be in contempt for interfering with visitation, but did find appellant guilty of contempt for failure to pay child support. The court sentenced appellant to thirty days in jail, with the right to purge upon the payment of $5,000 to ECCSEA. The court reserved an additional purge condition concerning the remaining arrears, pending determination of reasonable child support.
Appellant now appeals that judgment, setting forth the following two assignments of error:
 "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT APPLYING THE DOCTRINE OF LACHES IN DETERMINING IF DEFENDANT-APPELLANT WAS IN CONTEMPT OF COURT FOR NON-PAYMENT OF CHILD SUPPORT AND THAT PLAINTIFF-APPELLEE WAS BARRED FROM PURSUING ARREARAGE.
 "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT PLAINTIFF-APPELLEE HAD STANDING TO BRING THE CONTEMPT ACTION DESPITE PLAINTIFF-APPELLEE HAVING ASSIGNED HER RIGHTS TO RECEIVING SUPPORT OVER TO THE DEPARTMENT OF HUMAN SERVICES."
 I.
Appellant, in his first assignment of error, argues that the trial court erred in not applying the doctrine of laches as a defense to the contempt action.
To grant or deny a motion for contempt rests within the trial court's sound discretion. State ex. rel Adkins v. Sobb (1988),39 Ohio St.3d 34, 35. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,218.
In order to successfully invoke the doctrine of laches, appellant must show that he has been materially prejudiced by appellee's delay in asserting the child support claim. Smith v.Smith (1959), 168 Ohio St. 447, paragraph three of the syllabus. See also, Kinney v. Mathias (1984), 10 Ohio St.3d 72, 74. "Delay in asserting a right does not of itself constitute laches." Smith, supra. Laches is predominantly a question of fact to be resolved according to the circumstances of each individual case. Bitonte v. Tiffin Sav. Bank (1989), 65 Ohio App.3d 734,739; Wright v. Ohio Dept. of Human Servs. (Mar. 26, 1993), Washington App. No. 92CA15, unreported. The application of the doctrine of laches is within the sound discretion of the trial court. Allen v. Allen (1990), 62 Ohio App.3d 621, 624. Therefore, a reviewing court will not reverse a trial court's decision pertaining to the application of laches absent an abuse of discretion. Id.
Additionally laches cannot generally be imputed against the state. Ohio St. Bd. of Pharmacy v. Frantz (1990), 51 Ohio St.3d 143,146. In accordance with the general rule, courts have prohibited the application of laches to child support enforcement agencies when the agencies are trying to recover payment for back child support. See, e.g., Campbell v. Campbell (1993),87 Ohio App.3d 48, 50. Appellee, ECCSEA, is a party to this action on behalf of the state. Therefore, the application of laches against ECCSEA, as a representative of the state's interests in collecting an arrearage is barred.
As for appellee, the trial court found that she had not waived her right to collect child support merely because she delayed her efforts to enforce the existing child support order from 1983 to 1994. Although appellant argues that he is prejudiced because he cannot find the referee to corroborate that he was not obligated to pay child support, we cannot say that this amounted to material prejudice. As noted by the trial court, without a written order or some other documentation that appellant was not required to pay support, no official decision was ever entered on the record. In addition, although appellant's income tax refunds were garnished at least twice, he apparently made no efforts to show that he did not owe support or attempt recovery of the funds. The garnishments provided notice to appellant that some sort of support order or arrearage still existed on the records. Therefore, we cannot say that the trial court abused its discretion in determining that laches did not afford a defense to appellant's failure to pay child support.
Accordingly, appellant's first assignment of error is not well-taken.
 II.
Appellant, in his second assignment of error, contends that appellee had no standing to bring a contempt action because she had assigned her rights to support to the Department of Human Services.
The state of Ohio has a legitimate governmental interest in enforcing all child support actions. Cuyahoga Cty. SupportEnforcement Agency v. Lozada (1995), 102 Ohio App.3d 442,455-456. R.C. 2705.031(B)(1) provides the local child support enforcement agency with the power to institute a contempt motion against a child support obligor. Hurchanik v. Hurchanik (Aug. 26, 1991), Warren App. No. CA90-09-066, unreported. See, also,Kracht v. Kracht (Apr. 18, 1996), Cuyahoga App. Nos. 68281, 68985, unreported; Anspach v. Anspach (Apr. 27, 1992), Hardin App. No. 6-91-8, unreported. R.C. 2705.031 (B)(1) states as follows:
 "Any party who has a legal claim to any sup port ordered for a child, spouse, or former spouse may initiate a contempt action for failure to pay the support. In Title IV-D cases, the contempt action for failure to pay support also may be initiated by an attorney retained by the party who has the legal claim, the prosecuting attorney, or an attorney of the department of human services or the child support enforcement agency."
In this case, appellee assigned her right to receive child support payments for certain times while receiving ADC payments from the Department of Human Services ("DHS"). Since ADC is a substitute for child support, the assignment entitles DHS to reimbursement for those amounts if child support arrearages are collected. Nothing in the statutory scheme, however, denies appellee the right to recover any back child support which appellant owed to her at times other than while receiving such ADC payments. Thus, pursuant to R.C. 2705.031, ECCSEA had the authority to file a motion to show cause on her behalf. Moreover, eventually, appellee was also represented by separate counsel. Even though the parties to the contempt action may determine to whom any collected arrearage amounts are disbursed, this factor does not affect appellee's standing to bring the contempt action for unpaid child support amounts which are unrelated to any ADC payments. Therefore, appellee had standing, regardless of which attorney or agency filed the motion, to bring an action for contempt for failure to pay child support.
Accordingly, appellant's second assignment of error is not well-taken.
The judgment of the Erie County Court of Common Pleas, Domestic Relations Division is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ______________________ JAMES R. SHERCK, J.
 PETER M. HANDWORK, J. JUDGE, RICHARD W. KNEPPER, P.J. JUDGE, CONCUR.