[Cite as *State v. Drake*, 2022-Ohio-1405.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110917 |
| v. | : | |
| HOWARD L. DRAKE, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** April 28, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-606259-A

### *Appearances:*

Cullen Sweeney, Cuyahoga County Public Defender, and
Erika B. Cunliffe, Assistant Public Defender, *for appellee.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Gregory J. Ochocki, Assistant Prosecuting
Attorney, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} The state of Ohio appeals from the trial court's decision granting plaintiff-appellee Howard L. Drake's ("Drake") motion for judicial release without first conducting a hearing. Pursuant to Loc.App.R. 16(B), Drake concedes this error.

After a thorough review of the record and law, this court vacates the trial court's judgment granting Drake's motion for judicial release and remands for the court to conduct a hearing on the motion.

**Factual and Procedural History**

{¶ 2} On May 26, 2016, a Cuyahoga County Grand Jury indicted Drake on one count of felonious assault in violation of R.C. 2903.11(A)(1); one count of felonious assault in violation of R.C. 2903.11(A)(2); and one count of attempted murder in violation of R.C. 2923.02 and 2903.02(A). These charges arose from an incident on April 3, 2016, in which Drake intentionally struck the victim with his car multiple times.

{¶ 3} On September 15, 2016, Drake pleaded guilty to one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. The remaining counts were dismissed. On October 19, 2016, the court sentenced Drake to seven years in prison and three years of mandatory postrelease control.

{¶ 4} On May 20, 2021, Drake filed a motion for judicial release. On June 1, 2021, the state filed a brief in opposition to Drake's motion. On September 16, 2021, the trial court granted Drake's motion without a hearing. On October 4, 2021, the state filed a motion for reconsideration. On October 15, 2021, the state appealed the trial court's decision granting Drake's motion, presenting a single assignment of error for our review:

> The trial court erred as a matter of law when it granted defendant-appellee's motion for judicial release without first conducting a hearing.

Drake concedes that the court was required to hold a hearing on Drake's motion.

**Legal Analysis**

{¶ 5} In its sole assignment of error, the state argues that the trial court was required by R.C. 2929.20 to hold a hearing before granting the motion for judicial release. We agree.

{¶ 6} R.C. 2929.20(D) provides, in relevant part, that:

> Upon receipt of a timely motion for judicial release filed by an eligible offender under division (C) of this section or upon the sentencing court's own motion made within the appropriate time specified in that division, the court may deny the motion without a hearing or schedule a hearing on the motion. The court shall not grant the motion without holding a hearing.

Further, once a court chooses to hold a hearing on a motion for judicial release, it must abide by the statutory requirements for the conduct of the hearing contained in R.C. 2929.20(D) and (E). Additionally, pursuant to R.C. 2929.20(J), a court shall not grant a judicial release to an eligible offender who is imprisoned for a felony of the first or second degree unless the court finds both of the following:

> (a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;

> (b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.

Because Drake was convicted of a second-degree felony, the court was required to make these findings. Based on our review of the record, the court did not make these findings.

**{¶ 7}** R.C. 2929.20 clearly and unambiguously requires a court to hold a hearing prior to granting a motion for judicial release. It further requires a court to make certain findings before granting release of a defendant imprisoned for a felony of the first or second degree. Because the trial court did not conduct a hearing or make findings as required by R.C. 2929.20, its judgment granting Drake's motion for judicial release is vacated. The case is remanded for the trial court to conduct a hearing in accordance with R.C. 2929.20.

**{¶ 8}** Judgment vacated and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

FRANK DANIEL CELEBREZZE, III, J., and
LISA B. FORBES, J., CONCUR