[Cite as *State v. Drake*, 2024-Ohio-3406.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                  No. 113708

    v.                                    :

HOWARD L. DRAKE,                        :

    Defendant-Appellant.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 5, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-606259-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Owen Knapp, Assistant Prosecuting Attorney, *for appellee.*

Howard L. Drake, *pro se.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶ 2} Appellant Howard L. Drake ("appellant") challenges the judgment of the trial court denying his motion for judicial release and to vacate postrelease

control. After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 3} In 2016, appellant was charged with one count of felonious assault in violation of R.C. 2903.11(A)(1); one count of felonious assault in violation of R.C. 2903.11(A)(2); and one count of attempted murder in violation of R.C. 2923.02 and 2903.02(A). These charges arose from an incident in which appellant intentionally struck the victim with his car multiple times.

{¶ 4} Appellant pled guilty to one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and the remaining counts were dismissed. The trial court sentenced appellant to seven years in prison and three years of mandatory postrelease control.

{¶ 5} In May 2021, appellant filed a motion for judicial release, which the State opposed. The trial court granted appellant's motion without a hearing and reiterated that he was subject to postrelease control for three years from his actual date of release.

{¶ 6} The State filed a motion for reconsideration, and the trial court agreed to reconsider its opinion and set a hearing date. The trial court further ordered appellant to report to the Cuyahoga County Probation Department and be subject to its supervision for one year. The State then appealed the trial court's decision, which divested the trial court of jurisdiction to adjudicate the State's motion for reconsideration.

{¶ 7} On appeal, the State argued that the trial court had erred by failing to conduct a hearing before granting appellant's motion. Appellant conceded the error, and we vacated the judgment of the trial court and remanded the matter for the court to conduct a hearing on appellant's motion in accordance with R.C. 2929.20. *State v. Drake*, 2022-Ohio-1405 (8th Dist.).

{¶ 8} On remand, the trial court issued a journal entry noting that the probation department had reported that appellant had (1) tested positive for cocaine, (2) failed to submit to drug testing, (3) failed to report to his supervising officer, and (4) had been charged with grand theft of a motor vehicle in Euclid Municipal Court.

{¶ 9} A capias was issued, and appellant was taken into custody. The trial court subsequently held a hearing on appellant's motion for judicial release. The trial court denied the motion, noting that appellant had a new felony case pending. Appellant then filed a motion for reconsideration, which the State opposed and moved to strike because appellant had filed the motion pro se while he was represented by counsel. The trial court denied appellant's motion for reconsideration.

{¶ 10} Three months later, appellant filed a motion to vacate postrelease control, asserting that his rights under the Double Jeopardy Clause of the United States Constitution have been violated because he had been punished twice for the same offense. Appellant argued that he was released on September 28, 2021, and placed on one year of community control on October 13, 2021. He claimed that after

he was granted judicial release, he was placed on community control as an "alternative punishment," which expired prior to the judicial release hearing held after remand by this court.

{¶ 11} The State opposed appellant's motion, arguing that the trial court was without jurisdiction to vacate the statutorily mandated postrelease control. Further, even if the trial court did have jurisdiction, the State contended that appellant's rights under the Double Jeopardy Clause were not violated because his sentence was vacated and therefore the parties were placed in the same position as they were prior to sentencing. The imposition of postrelease control was part of his original sentence in the case and did not constitute a second punishment for the same offense.

{¶ 12} The trial court denied appellant's motion to vacate postrelease control "for the reasons set forth in the state's brief in opposition." Appellant then filed the instant appeal, raising one assignment of error for our review:

> The trial court erred and abused its discretion in denying judicial release and failing to vacate postrelease control.

## II. Law and Analysis

{¶ 13} Appellant appears to be arguing two errors by the trial court — (1) that the trial court erred in denying his motion for judicial release, and (2) that the trial court erred by denying his motion to vacate postrelease control. However, any arguments regarding the court's denial of his motion for judicial release will not be considered because the denial of a motion for judicial release is not appealable. This

court has noted that "the statute authorizing judicial release, R.C. 2929.20, confers substantial discretion to the trial court, and makes no provision for appellate review." *State v. Cruz*, 2021-Ohio-947, ¶ 8 (8th Dist.).

{¶ 14} We therefore turn to appellant's arguments regarding the denial of his motion to vacate. Appellant argues that he served the entire year of community control that the trial court ordered after he was granted judicial release. As such, he maintains that any additional term of postrelease control places him twice in jeopardy in violation of his constitutional rights. He argues that he had a right to finality of release after serving his community-control sanction.

{¶ 15} "'The effect of a reversal and an order of remand is to reinstate the case to the docket of the trial court in precisely the same condition that obtained before the error occurred.'" *State v. Allen*, 2014-Ohio-1806, ¶ 29 (10th Dist.), quoting *Wilson v. Kreusch*, 111 Ohio App.3d 47, 51 (2d Dist. 1996). "When a case is remanded to a trial court, that court 'may not consider the remanded case for any other purpose, may not give any other or further relief, may not review for apparent error, and may not otherwise intermeddle with it except to settle so much as has been remanded.'" *State v. Maxwell*, 2004-Ohio-5660, ¶ 13 (10th Dist.), quoting *State ex rel. Natl. Elec. Contrs. Assn. v. Ohio Bur. of Emp. Servs.*, 1999 Ohio App. LEXIS 4231 (10th Dist. Sept. 16, 1999), *aff'd*, 2000-Ohio-431.

{¶ 16} "'Upon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred.'" *State ex rel. Douglas v. Burlew*, 2005-Ohio-4382, ¶ 11, quoting *State ex rel. Stevenson v. Murray*, 69 Ohio

St.2d 112, 113 (1982). Therefore, when this court reversed the trial court's judicial release ruling and remanded this matter for hearing, the parties were placed in the position of being back before the trial court without it having issued an unconditional ruling on appellant's motion for judicial release. *See Giancola v. Azem*, 2018-Ohio-1694, ¶ 21.

{¶ 17} Once this court reversed the trial court's entry granting judicial release, appellant's original sentence was all that remained. That original sentence included statutorily mandated postrelease control, and appellant does not argue otherwise. "[W]here post-release control is mandated by statute, a trial court lacks authority to alter or to eliminate this legislatively imposed sanction." *State v. Johnson*, 2002-Ohio-4581, ¶ 24 (8th Dist.), citing *State v. Beasley*, 14 Ohio St.3d 74 (1984).

{¶ 18} Finally, appellant argues that he was prejudiced by the State's delay seeking a hearing following remand and that the doctrine of laches should apply. This argument is meritless.

> Generally, courts have "been loathe to apply doctrines of waiver, laches or estoppel to governmental entities and arms thereof." *Gold Coast Realty, Inc. v. Board of Zoning Appeals of City of Cleveland* (1971), 26 Ohio St.2d 37, 39, 268 N.E.2d 280. Thus, "laches is generally no defense to a suit by the government to enforce a public right or protect a public interest." *Ohio State Bd. of Pharmacy v. Frantz* (1990), 51 Ohio St.3d 143, 555 N.E.2d 630, paragraph three of the syllabus. "The principle that laches is not imputable to the government is based upon the public policy in enforcement of the law and protection of the public interest. * * * To impute laches to the government would be to erroneously impede it in the exercise of its duty to enforce the law and protect the public interest." (Citations omitted) *Id.* "The rationale behind this rule is one of public policy; the public should not suffer due

to the inaction of public officials." *Still* at ¶ 11; *Campbell v. Campbell* (1993), 87 Ohio App.3d 48, 50, 621 N.E.2d 853.

*State v. Tri-State Group, Inc.*, 2004-Ohio-4441, ¶ 57-58 (7th Dist.).

{¶ 19} The Supreme Court of Ohio has held that "the government cannot be estopped from its duty to protect public welfare because public officials failed to act as expeditiously as possible." *Ohio State Bd. of Pharmacy* at paragraph two of the syllabus; *see also Refining & Marketing Co. v. Brennan*, 31 Ohio St.3d 306, 307 (1987). "If a government agency is not permitted to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of all citizens in obedience to the rule of law is undermined. . . . To hold otherwise would be to grant defendants a right to violate the law." *Ohio State Bd. of Pharmacy* at 146.

{¶ 20} Regardless, a review of the docket shows that this matter was returned to the trial court's docket following remand on June 14, 2022. The court issued a capias for appellant on September 2, 2022, following its receipt of the August 24, 2022 report by the probation department that noted appellant's failed drug tests, his failure to report to his supervising officer, and the new charges against him in Euclid Municipal Court. On October 12, 2022, a pretrial was held, and appellant's then-counsel was permitted to withdraw from the case. The judicial release hearing was held on October 25, 2022.

{¶ 21} We do not find that there was an unreasonable delay in holding the hearing on appellant's motion. As this court has noted, "[A] trial court has an inherent right to control its own docket and trial schedule." *State v. Rocha*, 2014-

Ohio-495, ¶ 11 (8th Dist.), citing *State v. Powell*, 49 Ohio St.3d 255, 259 (1990). Appellant has failed to demonstrate an unreasonable delay in the proceedings and has further failed to show any responsibility for the claimed delay on the part of the State. This matter was specifically remanded for the trial court to conduct a hearing on appellant's motion for judicial release; the State was not required to take any further action.

{¶ 22} All of appellant's arguments are meritless, and the trial court did not err in denying his motion to vacate postrelease control.

### III. Conclusion

{¶ 23} For all of the above reasons, appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR