### JOLLY v HOPLEY, Trustee

Ohio Appeals, 3rd Dist, Crawford Co

No 1305. Decided March 31, 1932

Edward J. Myers, Bucyrus, for plaintiff in error.

R. V. Sears, J. D. Sears, and C. V. Vollrath, Bucyrus, for defendant in error.

**KLINGER, J.**

The first act challenged by counsel for plaintiff in error is, can the court direct a verdict in favor of the plaintiff before the defendant has offered any evidence and before he has concluded cross-examining the first witness offered by the plaintiff?

Ordinarily, we would answer this question in the negative. However, if in the agreed stipulations, together with the written exhibit upon which the cause of action was premised, it is shown affirmatively that plaintiff is entitled to the relief he asks, and if the answer of the defendant tenders no valid defense, under our laws of procedure we think this may be done.

This action is premised upon a written lease having a seven year tenure, and defendant is seeking to **change** this by contemporaneous and subsequent oral agreements. This, in our opinion, can not be done. The statute of frauds was enacted to safeguard the rights of parties, and if they could be set aside and held for naught in the manner suggested by the pleadings of the defendant, the statute would fail to give that protection and security that the legislature contemplated. **12 Oh St 201.**

Defendant stresses the pleaded fact that plaintiff failed to keep Jolly advised of the fact that Jacobs failed to pay the rent, and

he contends that this would tend to show not only a waiver, but also an estoppel. This is another form of altering a written contract that, under the law, is required to be in writing, by a contemporaneous or subsequent oral agreement, and in our opinion, is violative of the statute of frauds. In the case at bar, the defendant contradicts his own argument in this regard, when he pleads that he was to be notified in event Jacobs failed to pay the rent. Evidently there was some reason why he wanted this notice, and it evidently was because he recognized his responsibility and liability to the plaintiff.

It is our opinion that the only way this written contract could have been changed, would be in writing, so as to protect defendant in the manner in which he seeks to be protected.

As to the right for the relief asked in the cross-petition, it is sufficient to say that under the express terms of the written lease, the defendant was under obligations to repair the building, while plaintiff reserved the right to make repairs also, if, in his opinion, they were deemed necessary. But the burden was placed upon the defendant and his assigns to do their own repairing, subject to the approval of the plaintiff. In the light of this written condition in the lease, no verbal liability can be created as claimed in the defendant's answer.

The Supreme Court of Ohio, in **Blosser v Enserline, 113 Oh St, 121,** expressed itself as to §§8620 and 8621, GC, which is the statute requiring contracts of this kind to be in writing, and, in our opinion, lays down the law applicable to the case at bar.

The mere fact that some rent was paid by Jacobs, a sub-tenant, does not release the defendant from his liability under the written contract. See, **Linn v Wehrle, 35 Oh Ap, 107; 42 Oh St, 180; 25 Oh Ap, 41; 31 Oh St, 468.**

The entire defense in this case is premised upon an effort to modify a written contract by a contemporaneous or subsequent verbal agreement, and, in our opinion, this can not be done.

Entertaining these views, the finding and judgment of the Court of Common Pleas will be affirmed.

JUSTICE and CROW, JJ, concur.