ADAMS, Plaintiff-Appellant, v SAMUELS ET, Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20637.   Decided June 16th, 1947.

Stanley E. Lloyd, Cleveland, for plaintiff-appellant.
Philip Novitch, Cleveland, for defendants-appellees.

## OPINION

By SKEEL, J.

This action comes to this court on questions of law from a decree for the defendants in a specific performance action in the Common Pleas Court.

The defendants entered into a written contract with one Clifton Corprew, whereby the defendants agreed to sell their property located at 2332-34 East 57 Street, Cleveland, Ohio, to said Corprew for $5300.00; $100.00 down and $2400.00 to be escrowed with I. B. Hurwitz, Standard Building, within thirty days. The sellers will carry their own first mortgage at six percent interest. The purchaser was to pay the taxes for 1944 and thereafter.

Clifton Corprew assigned all his right, title and interest in and to said contract to the plaintiff. The plaintiff then proceeded to carry out the terms of the agreement. The defendants refused to proceed unless the original buyer obligated himself upon the mortgage and when he agreed to do so, the defendants then demanded payment in full. This new demand was verbally made, but when the purchaser agreed to meet such demand, the defendants refused to proceed with the transaction and claimed that the contract was too indefinite to enforce. The reason assigned for not proceeding to transfer the property under the claim of indefiniteness, was that the due date and the terms of the payment of the mortgage were not provided for.

There can be no question but that under the agreement between the parties, the defendants were entitled to the credit of Clifton Corprew on the mortgage securing the balance of the purchase price. The contract did not provide against assignment, and therefore the benefits of the contract were assignable.

The fact that there was an obligation imposed on Corprew to sign and deliver a mortgage to the seller to secure the payment of a part of the purchase price, and that the assignment could not relieve him of that obligation, cannot effect the appellant's right to procure by assignment all of the benefits of the contract. The evidence is uncontradicted that in concluding the transaction, Corprew offered to lend his credit on the mortgage so that the tender of performance included every right to which the defendants were entitled.

The demand of the defendants for payment in full of the entire purchase price, which offer was accepted by the plaintiff, was, in fact, an offer to make a new contract which

not being in writing was unenforceable, so that the obligations of the earlier contract remained in full force and effect.

There is, therefore, but one defense to the plaintiff's action for specific performance and that is;—was the failure to provide for the due date and payments on the purchase money mortgage such a circumstance as made the contract unenforceable because of indefiniteness?

In considering this question it must be kept in mind that the agent of the defendants drew the contract. The defendants are seeking to avoid legal responsibibility under a contract which they drew. A court of equity should not assist a party to avoid legal responsibility under the terms of a written contract which they drew, unless to do so would, in fact, be to make a new contract for the parties, or include terms which the parties did not include therein. It is also true that if a contract is sufficiently definite so that the obligations of each of the parties can be determined from the instrument without the aid of parol testimony, a court of equity will if all the other facts necessary in a specific performance action are present, decree specific performance and the fact that generally in such contracts other provisions are usually included which have been omitted in this contract, will not deprive the plaintiff of such right.

The only obligation upon the defendants under the terms of the written contract, is to transfer the title to the property described therein to the plaintiff. The plaintiff agrees to pay $2500.00 in cash which they have legally tendered, and to give back a purchase money mortgage for the balance due with interest at six percent.

Where no time is fixed for the payment of an obligation and the debt is to be represented by a negotiable instrument the courts will presume that the parties intended that the time of payment would be upon demand. The principle is the same as that provided for in the Negotiable Instrument Code of Ohio, §8117 GC, provides:

"An instrument is payable on demand * * * * *.
2. In which no time for payment is expressed."

In American Jurisprudence, Vol. 7, p. 870, §145, under the general heading, "Bills & Notes" it is provided:

"It is no objection to the validity of an instrument that it has no time of payment mentioned. Nor does the failure to specify the time of payment make it non-negotiable, since where no date is mentioned it is payable on demand."

See also:  10 Corpus Juris Secundum, p. 742, §247.

The application of this principle to a contract for the sale of real estate in which the vendor, defendant, agreed to take back a purchase money mortgage is expressed in two New Jersey cases.

In Green v Richards, 23 N. J. Eq. 32 (1872) the court said:

"The only material part of this contract that is not definite, is the credit to be given on the mortgage and whether with interest or not . . . . Here there is no agreement for any time.  The purchaser is not entitled to any credit.  In such case, the mortgage should be made payable on demand and it is the duty of a court of equity, in order to prevent a fair and just agreement from being defeated by a mere technical objection, to presume that such was the intention of the parties, and to give the agreement that construction.  This makes the written agreement certain in all its parts."

Also, in the case of Luczak v Mariove (1921) 92 N. J. Eq. 377, affirmed 1922, 93 N. J. Eq. 501, the court said:

"In the absence of definite terms in the contract, a court of equity will, if necessary, presume it to have been the intention of the parties that the mortgage should be made payable on demand (Green v Richards N. J. supra) and will also presume in the absence of a specified rate of interest, that the mortgage carries the legal rate of interest, after dmeand. And if the omission of these terms from the contract be attributed to the negligence of the parties, such negligence on the part of the defendant will not be permitted to defeat specific performance."

The rule as thus stated, is supported by great weight of authority.

We conclude, therefore, that the plaintiff was entitled to a decree of specific performance and the decree of the trial court is therefore reversed and the cause remanded with instructions to enter such decree for the plaintiff.

Insofar as this holding is in conflict with a prior judgment of this court in the case of Bentley v Miller, 18 C. C. 865, we are not disposed to follow the law of that case.

HURD, PJ, and MORGAN, J, concur.