FINKBEINER ET AL., APPELLANTS, *v.* LUTZ ET AL., APPELLEES.

[Cite as Finkbeiner v. Lutz (1975), 44 Ohio App. 2d 223.]

(No. C-74287—Decided April 28, 1975.)

*Ms. Mae L. Finkbeiner* and *Mr. Lee B. Kasson, Jr.,* for appellants.

*Messrs. Bauer, Morelli & Heyd,* for appellees.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket and journal entries and original papers from the Hamilton County Municipal Court; the transcript of the proceedings; and the briefs and arguments of counsel.

This action grew out of a suit for forcible entry and detainer instituted by William and Mae L. Finkbeiner and Norma Finkbeiner Davis, hereinafter referred to either

individually or as the lessors, or as the appellants, against Louis J. Lutz, Ella Rose Lutz and Lee Lutz Sons, Inc., hereinafter referred to either individually or as the lessees, or as the appellees.

On October 15, 1958, a lease was executed between Mr. and Mrs. William Finkbeiner, the lessors, and Louis and Ella Lutz, the lessees, the original term of which was to run for two years. The lease contained language creating options for five successive renewals running through a final termination date of October 14, 1983. The instrument further provided "* * * that if the lessees desire to exercise any such option or options, they must give notice to the lessors by certified mail, return receipt requested, at least sixty (60) days prior to the expiration of the preceding term." The lease also set out the rental fee and the specific periodic increases throughout the duration of the agreement.

The lease further provided that the instrument was not assignable without the lessors' written consent and that the lessees were responsible for securing liability insurance and providing the lessors with evidence thereof. At periodic intervals, the lessees made various improvements to the existing property; they enclosed the pre-existing building, eventually trebling its size, blacktopped a parking area, air conditioned the building, installed a tile floor and a furnace, and provided both interior and exterior decoration in keeping with the lessees' business as floral experts.

Throughout the duration of the lease, the appellees admittedly failed to make timely payment of rent on numerous occasions. The appellants concede that the late payments were nevertheless accepted without question or qualification. The appellees also admit that they did not exercise the renewal options in the manner prescribed by the lease. However, on these occasions, the appellants made no protest. The appellants concede that at no time did they notify the appellees that the lease would be strictly enforced with regard to specific clauses within the agreement.

In 1964, Joseph and Louis Lutz, sons of the co-lessees, incorporated the business under the name of "Lee Lutz

Sons, Inc.," and took over the operation of the floral shop. Throughout the tenancy of "Lee Lutz Sons," the corporation paid the rent and the taxes to the lessors by corporate checks and made additional improvements to the property.

The incident which precipitated the instant cause was the alleged failure by the appellees to make a timely payment of the rent for the month of September, 1973. On September 18, 1973, the appellees received notice from Mae Finkbeiner, the appellants' attorney, that the lease had been forfeited due to the appellees' failure to make a timely rental payment. The appellees immediately tendered the September rental check, but it was rejected. Written notice of the appellees' intention to exercise the option to renew the lease was also tendered to the appellants on October 3, 1973, but was likewise rejected. Shortly thereafter, this action was instituted.

The appellees filed an answer which set up as defenses the equitable principles of waiver and estoppel. Following the declaration of a mistrial on March 4, 1974, the cause was tried to a jury on May 22-24 in the Hamilton County Municipal Court. Upon the conclusion of all the evidence, the court dismissed the jury, ruling that the disposition of the case was strictly a matter of law and entirely within the province of the trial court. The court thereupon rendered a judgment for the lessees on equitable grounds and denied the lessors' request for a writ of forcible entry and detainer.

Fifteen assignments of error are presented by the lessors for our consideration upon this appeal. For purposes of both clarity and brevity, several of the assignments will be considered concurrently.

By way of summary, the appellant makes three basic assertions upon which the outcome of this appeal turns. These assertions are: first, William Finkbeiner was not the agent of the lessors; second, the lessors in no way waived their right to receive timely payment of rent; and third, the lessors in no way waived the written requirement in the lease that a specific procedure be employed in order for the lessees to exercise their options to renew the lease. The

arguments relating to the contentions appear in assignments of error numbers 1, 2, 3, 5, 6, 8, 9, 10, 11, 12 and 14.

The appellants contend that parol evidence was admitted at trial, the effect of which was to alter the written lease, and that the trial court erred in holding that "* * * the rights of the parties are controlled by subsequent conduct, rather than the written agreement * * *." The appellant cites *Jolly* v *Hopley*, 12 Ohio Law Abs. 130 for the proposition that a lease cannot be altered by showing contemporaneous and subsequent oral agreements. We concur with this statement of the law, but find it inapposite here.

In the instant case, the appellees made no attempt to demonstrate that any *alteration* of the lease had occurred. Rather, the appellees argued at trial, and contend here also, that due to the nature of the overall conduct of the parties, the lessors are estopped to deny that by their conduct they *waived* their right to now object to the appellees' failure to strictly adhere to the written provisions of the lease. The appellees concede on their part that no portion of the lease has been amended, altered or eliminated, and, accordingly, agree that the lease must be followed to the letter in the future.

The appellees rely heavily on *Lauch* v. *Monning*, 15 Ohio App. 2d 112, which summarized the position of the lessee therein by stating:

"* * * [A] course of dealing in accepting overdue rent had been established between the parties whereby [the lessor] * * * had waived any right to claim forfeiture for late payment of the rent installments without giving [the lessee] * * * advance notice of his intention to require strict compliance with the terms of the lease. That is the well settled law of Ohio. See *Bates & Springer, Inc.*, v. *Nay*, 91 Ohio Law Abs. 425 and *Milbourn* v. *Aska*, 81 Ohio App. 79 * * *."

The facts of the case at bar are substantially similar to those in *Monning, supra*. Here, approximately one sixth of the rent checks from the years 1958 through 1973 were made days later, yet without protest by the lessors. We

hold that under such circumstances, the failure of the lessors to make timely objection to these admitted breaches by the appellee amounted to a waiver, and that the appellants are now estopped from setting up any such breach as grounds for termination of this lease.

Moreover, the record clearly reveals that the vast majority of the business dealings between the parties were accomplished through William Finkbeiner. It was Mr. Finkbeiner who was a co-executor of the lease, who accepted delivery of most of the checks for the rent and for the taxes, and who throughout the duration of the lease remained in close contact with the lessees. We hold that since such conduct was acquiesed in by the remainder of the lessors, such acquiesence amounted to a constructive ratification of Mr. Finkbeiner's conduct, imparting to such conduct the dignity of agency. It follows that the appellants are now estopped to deny it and to otherwise characterize Mr. Finkbeiner's acts.

The same theory of waiver and estoppel can be applied to two other alleged breaches. First, the appellant's contention that they did not waive full performance of the contractural prerequisite to the exercise of the renewal option is without merit. The lessees had never complied with the specific language in the lease dealing with renewal. Yet, the appellants did not object, continuing to permit the lessees full use of the property. We hold that in light of such acquiesence, the appellants are now estopped to deny that such prerequisites were waived in the past.

Secondly, by virtue of having received corporate checks from 1964 through 1973 in payment of rent and taxes, the lessors were clearly put on notice that an assignment had been made of the rights of the leasehold, in contravention to the specific language in the agreement. We hold that the lessor is now estopped to object to such assignment after having knowingly permitted it to continue in existence for nine years.

We hasten to note at this juncture that we fully agree with the appellees' position that there is nothing that will prevent the appellants from strictly enforcing the lease

provisions in the future. We only hold that where, as here, a course of conduct is engaged in between the parties to a lease, which conduct is contrary to the specific provisions within the lease, such conduct will speak for itself, and the parties will be estopped from denying that conduct and its immediate and logical consequences. We conclude from the foregoing that appellants' assignments of error numbers 1, 2, 3, 5, 6, 8, 9, 10, 11, 12 and 14 are not well taken.

The appellants contend in their fourth assignment of error: "The court erred in overruling plaintiffs' motion for a judgment upon the pleadings, stipulations as to facts and opening statements * * *." Generally, in order for a trial court to grant such a motion, it must affirmatively appear that "* * * taking all the averments of the pleadings as they stand, they present simply a question of law." 43 Ohio Jurisprudence 2d 447, Pleading, Section 288. Moreover, "a plaintiff cannot have judgment on the pleadings where *one* of the defenses set out in the answer is a general denial." (Emphasis added.) *Supra* at page 448.

An examination of the answer filed herein by the lessees reveals the following language, captioned "First Defense":

"1. Defendants admit that the description of the leased premises contained in paragraph 1 of Count 1 of the Complaint is accurate.

"2. Defendants deny each and every other allegation contained in plaintiffs' Complaint."

Inasmuch as this language clearly constitutes a general denial of the appellants' allegations, we hold that the trial court did not err in refusing to grant the appellants' motion for a judgment on the pleadings. The fourth assignment is without merit.

The appellants maintain in their seventh assignment of error that: "The court erred in overruling plaintiffs' motion for a directed verdict." As a general rule "* * * the trial court is vested with discretion in determining whether the proof is such that nothing is left to do but apply the law thereto or whether there is a conflict in the evidence or whether the evidence is such that reasonable minds

might draw different conclusions therefrom, so as to make a proper issue of fact for the jury to pass upon." 52 Ohio Jurisprudence 2d 666, Trial, Section 146.

However, one additional element, estoppel, was added to this situation.

"* * * [T]he true rule appears to be that the existence of an equitable estoppel is a mixed question of law and fact. It is well established, however, that the question whether the facts constitute an estoppel is one for the court where the facts are undisputed." 20 Ohio Jurisprudence 2d. 594, Estoppel And Waiver, Section 97.

In the case at bar, although the admissibility of evidence relating to estoppel was questioned, the facts themselves were not in dispute. It follows that the only way that the trial court could have granted the appellants' motion for a directed verdict would have been if the facts conclusively demonstrated that the lessees had failed to prove estoppel. Our examination of the record, as reflected above, reveals the contrary to be true, and shows that the lessees adduced sufficient probative and credible evidence to prove that the lessors were estopped to deny that performance of numerous requirements in the lease had been waived. Therefore, the trial court did not err in refusing to grant the appellants' motion for a directed verdict, in dismissing the jury and in making its independent determination. Accordingly, the seventh assignment of error is not well taken.

The appellants contend in assignment of error thirteen that: "The Court erred in admitting testimony of conversations between William Finkbeiner and Louis W. and Joseph Lutz and defendants' exhibits 2 and 3 into evidence." The appellants argue that both the testimony and the exhibits were "* * * incompetent, irrelevant and immaterial."

Exhibit 3 is a letter to the lessors from the lessees dated September 16, 1960, which imparted the lessees' intention to exercise the first option to renew the lease. Although not tendered in the manner prescribed by the lease, the letter was accepted by William Finkbeiner and the lessees continued in tenancy.

Exhibit 2 is a letter written to the lessors by the lessees' attorney on October 3, 1973, expressing the desire of the lessees to exercise the option that fell on or about that date. It was this letter that was rejected by the lessors.

Upon examination of both of these exhibits and the testimony in question, we hold that each was properly admitted as bearing on the issue of equitable estoppel. Therefore, this assignment is without merit and accordingly is overruled.

We note parenthetically that an argument was made by the appellees to the effect that due to the extensive capital expenditures made by the appellees in remodeling the premises, if we were to reverse the trial court and enter final judgment for the appellants, the appellees would be the victims of a constructive fraud. Having determined that the trial court properly decided the case in ruling on the issues of equitable estoppel and waiver, we need not reach the question of constructive fraud.

The judgment of the Hamilton County Municipal Court is affirmed.

*Judgment affirmed.*

SHANNON, P. J., PALMER and KEEFE, JJ., concur.