JOURNAL ENTRY AND OPINION
{¶ 1} This is a consolidated appeal from the Cleveland Municipal Court's final judgment in six forcible entry and detainer actions in which the court granted summary judgment in favor of Convenient Food Mart, Inc. (Convenient), and denied Colombo Enterprises, Inc.'s (Colombo) motion for summary judgment. Colombo assigns the following as errors for our review:
 {¶ 2} "The trial court erred in denying Appellant's motion forsummary judgment with respect to its complaints for eviction, erred ingranting Appellee's cross-motion for summary judgment and declaring theleases between the parties to be valid.
 {¶ 3} "The trial court erred in holding that Appellee had a vestedinterest in the security deposits held by Appellant in Case Numbers80719, 80925, 81074 and 81075 and erred by rendering money judgments infavor of Appellee for interest which accrued on the security depositsfrom the date the leases were assigned to Appellee through the date ofjudgment."
 {¶ 4} Having reviewed the arguments of the parties and the pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 5} Convenient is the second successor lessee of six commercial properties owned by Colombo.[1] The properties were originally developed by Colombo as Convenient Food Mart stores pursuant to build-to-suit leases. In 1986, five of the leases were assigned to CFM Franchising Company (CFM); subsequently, CFM assigned all six leases to Convenient effective December 31, 1991. Convenient sublet all six properties to third party, independent business entities. Colombo did not object to the assignments.
 {¶ 6} Pursuant to the lease agreements, rent was due on the first of each month; however, the parties established a practice where Colombo accepted late rent payments from Convenient and either cashed the checks or held them for several months and cashed them en masse. Despite this practice, Colombo sent a notice of default to Convenient on July 7, 1998, regarding all six properties claiming a breach of the lease caused by late rent payments. Upon receipt of that notice, Convenient sent Colombo July's rent. The check was received on August 3, 1998; Colombo cashed the check on March 9, 1998.
 {¶ 7} On August 6, 1998, Colombo sent Convenient a letter declaring five of the leases "null and void" because Convenient had not cured the alleged default in July's payment. Thereafter, on August 18, 2001, Colombo sent Oak Real Estate Limited, Convenient's agent, a statutory three-day notice for Convenient to vacate based upon its failure to pay July and August, 1998 rent. The parties have stipulated, however, July and August rent were paid prior to Colombo's letter. Colombo also alleged Convenient failed to reimburse it for real estate taxes. The record shows, however, Convenient paid those taxes to Colombo on August 13, 1998 and Colombo cashed the check on March 9, 1999.
 {¶ 8} Despite Colombo's notices of default, it continued to acknowledge the leases by accepting rent and real estate tax payments and acknowledging Convenient's right to possess the properties. The evidence bears out Convenient's payment of rent and real estate taxes; Colombo served a three-day notice to vacate nonetheless. The trial court held Colombo's conduct negated any claims of tenancy at sufferance and invalidated Colombo's notices of default and forfeiture.
 {¶ 9} In separate entries dated December 7, 2001, the trial court granted summary judgment in favor of Convenient on the issue of possession and declared the leases valid. It also held Colombo's conduct was inconsistent with termination such that Colombo waived the terminations and breaches. The trial court also granted summary judgment on Convenient's claim against Colombo for breach of contract related to Colombo's failure to pay interest on Convenient's security deposits as required by the leases. Consequently, the trial court denied Colombo's motion for summary judgment.
 {¶ 10} In its first assigned error, Colombo argues the trial court erred when it granted summary judgment in favor of Convenient.
 {¶ 11} This court reviews the lower court's grant of summary judgment de novo.[2] An appellate court applies the same test as a trial court, as set forth in Civ.R. 56(C), which specifically provides that before summary judgment may be granted it must be determined that (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.[3]
 {¶ 12} Moreover, it is well-settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial.[4] Doubts must be resolved in favor of the nonmoving party.[5]
 {¶ 13} In accordance with Civ.R. 56(E), "[A] nonmovant may not rest on the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial."[6]
The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial.[7]
 {¶ 14} In support of its motion for summary judgment, Convenient submitted the videotaped deposition of Charles J. Colombo and answers to interrogatories. Mr. Colombo averred Convenient consistently paid rent late, failed to make repairs, and refused to pay the real estate taxes. He further stated when he did receive rent checks, he "put them in a big envelope and save[d] them." He cashed the checks en masse. In his answers to interrogatories, Mr. Colombo stated that since at least June 1, 1998, Convenient has failed to pay rent, including real estate taxes and insurance on the date due and has failed to cure a default in rental payments following written notices dated July 7, 1998 and July 8, 1999.
 {¶ 15} Ordinarily, when a lessor accepts future rent from a lessee following service of a three-day notice, the lessor waives the notice and may not commence a forcible entry and detainer action.[8] Further, a landlord waives any claim of forfeiture that it may have when it continues to conduct itself under the terms of a lease after gaining knowledge of a default.[9]
 {¶ 16} Colombo relies on a section of the lease which gives it permission to terminate the lease and re-enter the premises if Convenient fails to cure a late rent payment within five days of receiving written notice. That provision also provides a ten day cure period for any other default, excluding rent payments. Colombo argues even though it established a pattern and practice of accepting rent payments beyond the cure provision, the court should have nevertheless enforced that provision and ruled the lease null and void.
 {¶ 17} In support of its position, Colombo relies on Equity InnsPartnership v. Yun.[10] In that case, the lessee was to commence construction by a date specified in the lease; it failed to do so and the lessor invoked the forfeiture provision in the lease. The trial court granted summary judgment in favor of the lessor and we agreed.
 {¶ 18} The case before us is distinguishable. The stipulated facts filed by the parties demonstrated a pattern of Convenient paying of rent and taxes after the first of the month, and Colombo accepting, holding, and then cashing the checks en masse several months later.
 {¶ 19} We recognize that a forfeiture clause in a lease must be strictly construed and that forfeiture should not be decreed in the absence of an express stipulation in the parties' lease agreement.[11]
Ohio law clearly recognizes that forfeiture may be enforced on specified conditions.[12] Therefore, when parties enter into a commercial lease from equal bargaining positions and their lease expressly authorizes forfeiture upon the occurrence of default, the courts are bound to enforce such a provision.[13]
 {¶ 20} This is true only if the forfeiture provision was properly invoked. "Where a course of dealing has been established between the parties where the tenant tenders, and the landlord accepts, payment of installments of rent at times substantially later than the due dates prescribed in a written lease, the landlord thereby waives any right to claim forfeiture by reason of the late payments, unless he gives the tenant advance notice of his intention to require strict compliance with the terms of the lease."[14]
 {¶ 21} Additionally, in Finkbeiner v. Lutz,[15] the appellees admittedly failed to make timely payments of rent on numerous occasions throughout the duration of the lease. The appellants conceded that the late payments were nevertheless accepted without question or qualification and that at no time did they notify the appellees that the lease would be strictly enforced with regard to specific clauses within the agreement. The court held, "Where a course of conduct is engaged in between the parties to a lease, which acts are contrary to specific provisions therein, such conduct will speak for itself, and the parties will be estopped from denying that conduct and its immediate logical consequences."[16]
 {¶ 22} Viewing the evidence in a light most favorable to appellant, we conclude no genuine issues of material fact exist and Convenient is entitled to judgment as a matter law. Accordingly, this assigned error is without merit.
 {¶ 23} In its second assigned error, Colombo alleges the trial court erred in holding Convenient had a vested interest in the security deposits held by Colombo on four of the properties; it further alleges error in rendering a monetary judgment to Convenient.
 {¶ 24} Ohio Convenient Food Mart, Inc. assigned its interest in the leases for five of the six properties in November 1986. A security deposit was paid for four of the properties totaling $18,375. Convenient claims Colombo never paid interest on the security deposits, as required by law, and has not returned the monies to it. Colombo stipulated interest was due on the security deposit for the years 1992 through September 21, 2001 on at least one of the properties. Mr. Colombo averred he does not recall ever paying interest on the security deposits. In its appellate brief, Colombo argues Convenient is not entitled to collect interest on the security deposits as an assignee.
 {¶ 25} Colombo asserts that a choice in action, such as a debt, is not assignable. This statement is incorrect. In fact, contractual rights and interests in real property, other than those (I) for personal service, (ii) involving personal skill or (iii) involving a relationship of confidence, are freely assignable absent a provision forbidding assignment.[17]
 {¶ 26} An assignee "stands in the shoes of the assignor with respect to the subject of the assignment, having the same rights and remedies."[18] Moreover, the leases provide they are binding on "the parties hereto and their respective legal representatives, successors and permitted assigns, wherever the context so permits."[19] It follows, then, an assignee has an interest in security deposits equal to that of its assignor.
 {¶ 27} In this case, Colombo recognized Convenient as the assignee in every way; it accepted rent and other payments from Convenient, and attempted to enforce lease provisions against Convenient as the lessee. The leases provide for interest on the security deposit in the amount of six percent to be paid annually on the anniversary date, January 1st of each year. Colombo has offered no evidence it complied with this term in the leases.
 {¶ 28} Based on this record, we conclude the trial court did not err in holding Convenient has a vested interest in the security deposits despite its classification as an assignee; further, the trial court properly awarded monies representing an accrual of interest and prejudgment interest.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and TERRENCE O'DONNELL, J. CONCUR.
[1] The stores are located at 5910 Detroit Avenue, 8504 Detroit Avenue, 5915 St. Clair Avenue, 3747 Pearl Road, 11022 Clifton Avenue, and 3794 E. 71st Street.
[2] Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704.
[3] Temple v. Wean United Inc. (1977), 50 Ohio St.2d 317, 327.
[4] Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Dresherv. Burt (1996), 75 Ohio St.3d 280, 293.
[5] Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
[6] Chaney v. Clark Cty. Agricultural Soc. (1993), 90 Ohio App.3d 421,424.
[7] Dresher; Celotex supra at 322.
[8] Sterling Health Care Group, Inc. v. Laughlin (May 28, 1993), Wood App. No. 92WD051, citing Associated Estates Corp. v. Bartell (1985),24 Ohio App.3d 6.
[9] Quinn v. Cardinal Foods, Inc. (1984), 20 Ohio App.3d 194.
[10] (Oct. 28, 1999), Cuyahoga App. No. 74160.
[11] See Layne v. Baker (1949), 86 Ohio App. 293; Yun.
[12] See Ralston Steel Car Co. v. Ralston (1925), 112 Ohio St. 306, paragraph one of the syllabus.
[13] Yun at 6.
[14] Lauch v. Monning (1968), 15 Ohio App.2d 112, paragraph one of the syllabus.
[15] (1975), 44 Ohio App.2d 223.
[16] Id. at syllabus. See, also, Galaxy Development Ltd. Partnershipv. Quadax, Inc. (Oct. 5, 2000), Cuyahoga App. No. 76769.
[17] Himrod Furnace Co. v. Cleveland Mahoning R.R. Co. (1872),22 Ohio St. 451; Adams v. Samuels (1947), 82 Ohio App. 102.
[18] Star Bank Nat'l Assn. v. Cirrocumulus Ltd. Partnership (1997),121 Ohio App.3d 731.
[19] Joint Exhibit A, para. 22.