DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Perrysburg Municipal Court that denied appellant's complaint for money damages arising from a lease agreement between appellant Don Habegger, the landlord, and appellees Stephen Paul and Sandra Smithers, the tenants. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "Assignment of Error No. 1:
 {¶ 4} "The trial court erred by ruling that a party's testimony based upon personal knowledge as to the cost of repairs and the cost of items replaced is not competent evidence, but that a party must produce documentation to meet his burden of proof.
 {¶ 5} "Assignment of Error No. 2:
 {¶ 6} "The trial court erred by ruling that a landlord waives the right to recover late charges if the landlord does not commence an eviction proceeding at the time such charges accrue.
 {¶ 7} "Assignment of Error No. 3:
 {¶ 8} "Involuntary dismissal of appellant's damages claim at the close of his case in chief was contrary to the manifest weight of the evidence and was erroneous as a matter of law."
 {¶ 9} The facts that are relevant to the issues raised on appeal are as follows. On January 22, 2001, appellant entered into a one-year residential lease agreement with appellee Stephen Paul for the rental of property owned by appellant in Millbury, Ohio. Appellee Paul signed the lease and appellee Smithers moved into the apartment with Paul sometime thereafter. The lease provided that at the expiration of the one-year term, tenancy would continue on a month-to-month basis. The lease stipulated that the rent of $465 was due on the first of each month, with a fee of $35 to be assessed for rent paid more than five days late.
 {¶ 10} On August 13, 2002, appellant filed a complaint in forcible detention seeking possession of the property, unpaid rent, late fees and reimbursement for damage to the property. On September 3, 2002, a hearing was held on the issue of possession and the trial court entered judgment in favor of appellees and against appellant, finding that appellant had failed to establish that appellees were in default for non-payment of rent. The issue of damages was continued. Appellees voluntarily moved out of the apartment on September 3, 2002.
 {¶ 11} The case came on for hearing on March 18 and April 16, 2003, on the issues of damages, late fees and past due rent. In a judgment entry filed April 17, 2003, the trial court found for appellees. As to the issue of late fees, the trial court found that any fees for late payment of rent were waived when appellant continued to accept the rent payments each time they were made late and made no attempt to evict appellees. As to appellant's claim for damage done to the apartment, the trial court found that appellant had not presented sufficient evidence as to the amount of any damages and the cost of the necessary repairs, and that appellant's testimony on this matter was not credible. Lastly, the trial court considered appellant's claim that appellees owed rent for the months of August and September 2002. The trial court noted that appellees vacated the premises at the end of August 2002, and returned the keys on September 3, 2002. The trial court further noted that it was not disputed that appellee Paul paid appellant $1,130 in January 2001 when he signed the lease. The dispute arose as to how that money was intended to be applied. Appellee asserted that he paid appellant $200 as a prorated rent for January 2001; $400 as a security deposit; and $465 as the last month's rent. Appellant denied that $465 of the total paid was for the last month's rent and asserted that it was applied as rent for February 2001. Appellant also sought rent for September 2002, claiming that appellees were holdover tenants because they did not return the keys by the first of the month. The trial court found appellee Paul's testimony that the payment of $465 in January 2001, was for the last month's rent to be more credible than appellant's testimony and therefore found that appellant was not entitled to additional rent for August 2002. The trial court further found that because appellant failed to show that appellees were liable for any of the claimed damages, appellees were entitled to the return of their $400 security deposit. It is from that judgment that appellant appeals.
 {¶ 12} In support of his first assignment of error, appellant asserts that the trial court erred by finding that he had not produced sufficient evidence of the costs he incurred in labor and materials to support his claim of damages, and by not allowing a home improvement store catalog into evidence. Appellant argues that the value of items may be established through the testimony of one who has personal knowledge of the usual cost without the support of documentation.
 {¶ 13} This court notes that the trial court allowed appellant to testify as to the cost of items he replaced in the apartment and the cost of the labor for some of the repairs. The trial court did, however, note that appellant did not have receipts for the items replaced or for the expense of labor for the repairs which someone else performed. Appellant asserts that his testimony as to what he paid his maintenance worker was competent proof of the cost of the services. We find, however, that while the testimony as to repair work and items purchased for the repairs was competent evidence, it was all evidence which the trial court was free to believe or disbelieve.
 {¶ 14} In determining whether a party has met its burden of proof, we begin with the proposition that we must defer to the trial court as the finder of fact. A trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. As such, a reviewing court must not substitute its judgment for that of the trial court. Id. In the case before us, the trial court clearly found that appellant's testimony was not credible, a decision which was within that court's discretion. Appellant also asserts that the trial court erred by not allowing a catalog from a home improvement store into evidence to show the cost of various items he claimed to have replaced in the apartment. A decision as to the admission and exclusion of evidence rests soundly with the trial court. "An appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." State v.Finnerty (1989), 45 Ohio St.3d 104. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 15} The best evidence of appellant's expenses would be itemized store receipts, not price lists in a catalog. While the catalog might be competent evidence of what one retailer would charge for certain items, see Evid.R. 803(17), it is clear the trial court did not believe it was competent evidence of appellant's actual expenses in this case. Even if the trial court had admitted the catalog, the court clearly was skeptical of its value as competent evidence of appellant's expenses. We agree with the trial court. A price list does not equate to evidence of a landlord's repair expenses; it is merely evidence of an item's value. Original receipts for appellant's expenditures would constitute credible evidence of his damages.
 {¶ 16} Accordingly, the trial court did not err by not allowing the store catalog into evidence and by denying appellant's claim for damages based upon its finding that appellant's testimony was not credible. Appellant's first assignment of error is not well taken.
 {¶ 17} In support of his second assignment of error, appellant asserts that the trial court erred by finding that he waived his right to recover late payment fees by failing to institute eviction procedures after each rent payment was late and continuing to accept late rent payments. The record shows that appellees were late paying the rent between five and eleven times. Appellees do not dispute having paid the rent late on numerous occasions. Appellant testified that when appellees were late with the rent he or his employee would serve them with an eviction notice and that appellees would pay the rent but not the late fee. He further testified that he would ask about it and appellees would say that they did not have the money. Appellant testified that his usual method of handling this type of situation with tenants was to wait until they moved out and deduct the amount owed for late fees from the security deposit.
 {¶ 18} Appellant asserts that, pursuant to Dennis v. Morgan
(2000), 89 Ohio St.3d 417, which held that evicting a tenant does not extinguish the tenant's obligation to pay rent for the remainder of the term covered by the lease, appellees' obligation to pay the late fees was not extinguished because appellant chose not to bring a forcible entry and detainer action for nonpayment of the fees when they accrued. The issue in Dennis, however, was whether the landlord waived his right to sue for unpaid future rent due under the lease by pursuing an eviction. The Ohio Supreme Court held in Dennis that the landlord was not forced to choose between an eviction and pursuing a claim for damages. In this case, the issue before the trial court was not whether the appellant could sue for damages even though he had pursued eviction, but whether he was entitled to the late fees. The trial court found that appellant had waived the late fees.
 {¶ 19} A party may voluntarily relinquish a known right through words or by conduct. State ex rel. Ford v. Cleveland Bd.of Edn. (1943), 141 Ohio St. 124. In Galaxy Development Ltd.Partnership v. Quadax, Inc. (Oct. 5, 2000), Cuy. App. No. 76769, the Eighth District Court of Appeals found that the landlord waived its right to collect holdover rent from the tenant by continuing to accept the original rental payments after expiration of the lease. The Galaxy court cited Finkbeiner v.Lutz (1975), 44 Ohio App.2d 223, wherein lessees failed to make timely payments of rent on numerous occasions and lessors accepted the late payments. The Finkbeiner court held that the failure of the lessors to make timely objection to the late payment of rent amounted to a waiver.
 {¶ 20} Upon consideration of the foregoing, this court finds that the trial court properly determined that appellant waived his right to collect the late fees upon eviction by continuing to accept appellees' rent payments and not pursuing eviction until approximately 14 months after the first late payment. Accordingly, appellant's second assignment of error is not well taken.
 {¶ 21} As his third assignment of error, appellant asserts that he offered proof of substantial damage done to the apartment and of the costs he incurred in making repairs and that, therefore, the trial court's dismissal of his claims was contrary to the weight of the evidence. As we noted above in our consideration of appellant's first assignment of error, a reviewing court must not substitute its judgment for that of the trial court when the issue of whether a party has met his burden of proof is raised on appeal. The trial court in this case found that appellant's testimony was not credible, which was a decision within the court's discretion.
 {¶ 22} While we agree with the proposition that in some instances an appellate court is duty-bound to exercise the limited prerogative of reversing a judgment as being against the manifest weight of the evidence, it is important that in doing so a court of appeals must be guided by a presumption that the findings of the trier of fact were indeed correct. SeasonsCoal, supra, at 80. The underlying rationale for giving deference to the findings of the trial court arises from the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and apply these observations in weighing the credibility of the proffered testimony. "Judgments
 {¶ 23} supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279.
 {¶ 24} Based on the record of proceedings in the trial court and the law as set forth above, this court finds that the trial court's dismissal of appellant's claims was not against the weight of the evidence. Accordingly, appellant's third assignment of error is not well taken.
 {¶ 25} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Perrysburg Municipal Court is affirmed. Costs of this appeal are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Lanzinger, J., Concur.