[Cite as *May v. Metcalf*, 2011-Ohio-5937.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARTY B. MAY | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 11-CA-8 |
| REBECCA METCALF, et al. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Mount Vernon Municipal
                                 Court Case No. 10 SMI 00170


JUDGMENT:                        AFFIRMED


DATE OF JUDGMENT ENTRY:          November 15, 2011


APPEARANCES:

For Plaintiff-Appellant:                    For Defendants-Appellees:

MARTY B. MAY, pro se                        JAY W. NIXON
715 North Sandusky St.                      121 E. High St.
Mount Vernon, OH 43050                      Mount Vernon, OH 43050

*Delaney, J.*

{¶1} Plaintiff-Appellant Marty B. May appeals the April 8, 2011 judgment of the Mount Vernon Municipal Court in this landlord-tenant action. Defendants-Appellees are Rebecca and William Metcalf.

## STATEMENT OF THE FACTS AND CASE

{¶2} Appellant Marty B. May is the owner and landlord of a mobile home park called Orchard Mobile Home Park located in Mount Vernon, Ohio. On March 8, 2008, Appellees and Appellant entered into a one-year lease agreement to rent the premises located at 717 North Sandusky Street, Lot #10, Mount Vernon, Ohio. Pursuant to the lease agreement, the rent was $550.00 per month and due on the first of the month. The lease states that a late fee will be charged after the fifth of the month and an additional $25 after the fifteenth of the month if the rent was not paid. Gas, electric, and water are the tenant's responsibility.

{¶3} The lease agreement requires the tenants to pay a $550.00 security deposit that would not be used for payment of rent. The lease states Appellant would return the deposit within 30 days upon the tenants vacating the property and there was compliance with the following: "(a) the home is left undamaged, clean, and in rentable condition to be determined by the lesser, (b) Tenants acknowledge window treatments have been dry-cleaned and like new condition. Tenants must have window treatments dry-cleaned before vacating premises, (c) Tenants acknowledge newly painted ceilings, and (d) proof that all water bills are paid."

{¶4} After the one-year lease agreement expired, the parties entered into a month-to-month tenancy. Beginning in June 2008, Appellant accepted Appellees

consistently late rental payments and Appellant did not enforce the late fee charges. On June 30, 2010, Appellant mailed Appellees notice she was charging Appellees only two months of late fees in the amount of $100.00 and $36.75 in back rent. Appellees failed to pay rent for July and August 2010.

{¶5} On August 2, 2010, Appellant served Appellees with a three-day notice to vacate the premises for failure to pay rent. Appellant visited Appellees at their new residence and retrieved the keys from the parties on August 13, 2010.

{¶6} Appellant sent Appellees a registered letter on November 10, 2010 itemizing the deductions from the security deposit. Appellant claimed the following deductions: "1) $136 June rent; 2) $550 plus $50 late fee for July; 3) $236 (1/2 month) for August); 4) $195 unpaid water bill; 5) $60 carpets cleaned; 6) $98 draperies dry-cleaned; and 7) $125 Cleaning of mobile home."

{¶7} On December 27, 2010, Appellant filed a pro se complaint against Appellees in the Mount Vernon Municipal Court for the failure to pay rent by Appellees. Appellant requested damages in the amount of $903.00. Appellees filed an answer and counterclaim on February 2, 2011. In their counterclaim, Appellees alleged Appellant failed to return their security deposit or provide Appellees with an itemized list of deductions from the security deposit as required by statute.

{¶8} The trial court held a bench trial on March 7, 2011. Appellant was present and represented herself pro se. Appellees were represented at the hearing by counsel. At the conclusion of trial, Appellees filed a supplemental trial memorandum.

{¶9} On April 8, 2011, the trial court issued its decision. The trial court found as follows:

{¶10} "On the Plaintiff's claim, the Court finds that the Defendants owe the Plaintiff the sum of Eight Hundred Twenty-Two and 75/100th Dollars ($822.75). On the Defendants' counterclaim, the Court finds that the Plaintiff owes the Defendants the sum of One Thousand Four Hundred Eighty-[F]ive and 88/100th Dollars ($1,485.88).

{¶11} "It is ordered and adjudged that the Defendants recover from the Plaintiff the net difference of Six Hundred Sixty-[T]hree and 13/100th Dollars ($663.13), with interest at the rate of four percent (4%) per annum from March 7, 2011 until paid."

{¶12} Appellant filed a motion on April 29, 2011 entitled "Supplemental [Trial] Memorandum." In her motion, she requested Findings of Fact and Conclusions of Law pursuant to Civ.R. 52. Appellees opposed the motion, arguing the motion was untimely. The trial court denied Appellant's motion on May 4, 2011.

{¶13} Appellant filed her appeal on the April 8, 2011 decision.

## ASSIGNMENTS OF ERROR

{¶14} Appellant raises four Assignments of Error:

{¶15} "I. THE TRIAL COURT ERRED BY FAILING TO CONSIDER THE UNCONTROVERTED EVIDENCE THAT THE PLAINTIFF DID IN FACT SEND AN ITEMIZED NOTICE TWICE BEFORE THE REGISTERED LETTER, DATED NOVEMBER 10, 2010.

{¶16} "II. THE TRIAL COURT ERRED IN AWARDING STATUTORY DAMAGES AND ATTORNEY FEES IN THE AMOUNT OF $1,485.88.

{¶17} "III. THE TRIAL COURT ERRED IN AWARDING $114.06 TO PLAINTIFF FOR UNPAID WATER BILL.

{¶18} "IV. THE TRIAL COURT ERRED IN NOT AWARDING THE $100 LATE FEE."

## STANDARD OF REVIEW

{¶19} This matter was heard by the trial court without a jury. An appellate court will not reverse a trial court's judgment so long as it is supported by any competent, credible evidence going to all of the essential elements of the case. *C.E. Morris Co. v. Foley Construction* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. "A reviewing court does not decide whether it would have come to the same conclusion as the trial court. Rather, we are required to uphold the judgment so long as the record, as a whole, contains some evidence from which the trier of fact could have reached its ultimate conclusions." *Hooten Equipment Co. v. Trimat, Inc.*, 4th Dist. No. 03CA16, 2004-Ohio-1128, ¶ 7. We are to defer to the findings of the trier of fact because in a bench trial the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the testimony. *Seasons Coal Company, Inc. v. City of Cleveland* (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273. We may not substitute our judgment for that of the trier of fact. *Pons v. Ohio State Medical Board* (1993), 66 Ohio St.3d 619, 614 N.E.2d 748, 621.

{¶20} Our appellate review in this case is more limited because there were no separate findings of fact and conclusions of law. The judgment entry in this case is a general judgment. Pursuant to Civ.R. 52, when questions of fact are tried to the court without a jury, the judgment may be general for the prevailing party. Appellant made an untimely request for findings of fact and conclusions of law, which the trial court denied.

In *Pettet v. Pettet* (1988), 55 Ohio App.3d 128, 129-130, 562 N.E.2d 929, we explained that:

{¶21} "The presumption of regularity requires us to assume application of proper rules of evidence and procedures in the absence of fact finding demonstrating the contrary. * * * When separate facts are not requested by counsel and/or supplied by the court the challenger is not entitled to be elevated to a position superior to that he would have enjoyed had he made his request. Thus, if from an examination of the record as a whole in the trial court there is some evidence from which the court could have reached the ultimate conclusions of fact which are consistent with his judgment the appellate court is bound to affirm on the weight and sufficiency of the evidence."

{¶22} Under this rule, we therefore presume the regularity of the proceedings, the trial court considered the evidence, and the trial court appropriately applied the evidence to the applicable law. Without specific factual findings or legal conclusions, our review of Appellant's Assignments of Error is limited.

**I., II.**

{¶23} Appellant argues in her first and second Assignments of Error the trial court erred in finding Appellant failed to comply with R.C. 5321.16 and awarding Appellees statutory damages in the amount of $1,485.88. We disagree.

{¶24} R.C. 5321.16 states in pertinent part:

{¶25} "(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental

agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.

{¶26} "(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees."

{¶27} In order to award statutory damages, the trial court must first find Appellant failed to comply with R.C. 5321.16(B). Appellant first argues the trial court's decision to award statutory damages was in error because she was not in violation of R.C. 5321.16(B) for her failure to send Appellees a timely written notice of itemized deductions. Appellees were served with the eviction notice on August 2, 2010. Appellant retrieved the keys to the unit from Appellees' new residence on August 13, 2010. An itemized list was due on September 1, 2010.

{¶28} Appellant states the testimony at trial shows Appellant sent Appellees a written itemized list of deductions from the security deposit twice before she sent Appellees the registered letter on November 10, 2010. Appellant testified she sent an itemized list to Appellees within 30 days of the termination of the rental agreement at the last billing address Appellant had for Appellees, the rental unit at the mobile home

park. (T. 32). No copy of this letter was submitted as evidence. The November 10, 2010 letter was submitted as evidence as Plaintiff's Exhibit 16. Appellee Rebecca Metcalf testified she did not receive from Appellant an itemized list of deductions from the security deposit. (T. 42).

{¶29} As stated above, the trial court is in the best position to weigh the credibility of the witnesses. Based upon this record and our limited review due to the lack of findings of fact and conclusions of law, we find the trial court's decision to find Appellant in violation of R.C. 5321.16(B) to be supported by the record. Appellant's first Assignment of Error is overruled.

{¶30} Appellant argues in her second Assignment of Error the trial court erred in awarding Appellees damages in the amount of $1,485.88. As stated above, if a landlord fails to comply with R.C. 5321.16(B), the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees. R.C. 5321.16(C).

{¶31} In the November 10, 2010 letter, Appellant itemized deductions in the amount of $1,453.00 from Appellees' security deposit. Included within the list was unpaid rent in the amount of $882.75, which Appellees did not dispute was owed to Appellant. However, the lease agreement stated that the security deposit would not be used for rent and Appellant does not dispute this provision on appeal. Appellant next listed as deductions: $195 for an unpaid water bill as of September 17, 2010; $60 for carpet cleaning; $98 for dry cleaning the draperies; and $125 for cleaning the mobile home.

{¶32}   At trial and through their Supplemental Trial Memorandum, Appellees did not dispute $212.06 deducted from their security deposit for an unpaid water bill in the amount of $114.06 on August 23, 2010 and $98.00 for dry cleaning expenses. Appellees argued Appellant wrongfully withheld $337.94 from their $550.00 security deposit because Appellant was not entitled to deduct cleaning expenses based on the law and the facts presented in the case.   Appellees also submitted their reasonable attorney fees in the matter were $810.00.   Appellees argued that pursuant to statute, they were entitled to damages in the amount of $337.94 as the amount wrongfully withheld, $337.94 in statutory damages, and attorney fees of $810.00, resulting in an award of $1,485.88.   The trial court found for Appellees on their counterclaim and awarded Appellees $1,485.88 in damages.

{¶33}   The record supports the trial court's decision.  A landlord is not entitled to damages for repairs to a rental property where the damages resulted from reasonable wear and tear.  *Bibler v. Nash,* 3rd Dist. No. 5-05-09, 2005-Ohio-5036, at ¶ 18.  There is no evidence in the record the cleaning necessarily went beyond normal wear and tear. Appellant's office manager testified that the mobile home needed cleaning after Appellees moved out.  (T. 13).  Appellee Rebecca Metcalf testified she cleaned the mobile home and shampooed the carpets when they moved out.  (T. 39).  It is the trial court's duty to weigh the evidence and we can find no error.

{¶34}   Appellant's second Assignment of Error is overruled.

**III.**

{¶35} Appellant argues in her third Assignment of Error the trial court erred in finding Appellees liable for the unpaid water bill in the amount of $114.06, rather than $195.00. We disagree.

{¶36} Appellees were evicted on August 2, 2010. Appellees presented Exhibit B, a notice of delinquency from the Mount Vernon Water and Wastewater Department, to show that on August 23, 2010, the delinquency was $114.06. Appellant provided Exhibit 11, a letter from the Mount Vernon Water and Wastewater Department to show the delinquency on September 17, 2010 was $195.02. The trial court, in its determination of statutory damages awarded to Appellees found that Appellees were responsible for the unpaid water bill in the amount of $114.06.

{¶37} The trial court chose to agree with Appellees that they owed $114.06 for the unpaid water bill. Because there are no separate findings of fact or conclusions of law in this case, we cannot say the trial court's determination is without support of the record.

{¶38} Appellant's third Assignment of Error is overruled.

**IV.**

{¶39} Appellant argues in her fourth Assignment of Error the trial court erred in failing to award a $100 late fee for Appellees' late rental payments.

{¶40} This Court recently held that a lessor can waive the right to collect late fees when it continues to accept a lessee's late rental payments without objection. See *Windham v. 450 Invests., Inc.,* 5th Dist. No. 2010CA00215, 2011–Ohio–1034, ¶32-33. We stated: "A party may voluntarily relinquish a known right through words or by

conduct. *State ex rel. Ford v. Cleveland Bd. of Education,* (1943), 141 Ohio St. 124, 47 N.E.2d 223. In *Finkbeiner v. Lutz* (1975), 44 Ohio App.2d 223, 337 N.E.2d 655, the lessees failed to pay their rent on time on numerous occasions and lessors accepted the late payments. The *Finkbeiner* court held that the failure of the lessors to timely object to the late payment of rent amounted to a waiver."

{¶41} In Appellant's Exhibit 8, a letter from Appellant to Appellees dated May 18, 2010, Appellant states: "I have enclosed your rental payment history along with a copy of your lease history. Because of our friendship I did not enforced [sic] your late fee charges for a long time and was patient with your continual late rent payments." Appellees became tenants in March 2008. Appellees began making late rent payments in June 2008. Appellant did not charge Appellees late fees until June 30, 2010.

{¶42} This record supports the trial court's decision not to award Appellant late fees. Appellant's fourth Assignment of Error is overruled.

{¶43} The judgment of the Mount Vernon Municipal Court is affirmed.

By: Delaney, J.

Gwin, P.J. and

Edwards, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JULIE A. EDWARDS

[Cite as *May v. Metcalf*, 2011-Ohio-5937.]

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARTY B. MAY | : | |
| | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| REBECCA METCALF, et al. | : | |
| | : | |
| | : | Case No. 11-CA-8 |
| Defendants-Appellees | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mount Vernon Municipal Court is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JULIE A. EDWARDS